UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIA SHAMMAMI,

       Plaintiff,

v.                                                                Case No. 09-12952
                                                                  Honorable Patrick J. Duggan

INDYMAC FEDERAL BANK, FSB, and
ONEWEST BANK GROUP, LLC,[1]

       Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ONEWEST BANK GROUP, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 21, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On July 7, 2009, Plaintiff filed this action in the Circuit Court for Oakland County,

Michigan, challenging foreclosure proceedings that had been instituted with respect to

real property located at 2921 Middlebelt Road in West Bloomfield, Michigan

("Property"). Defendant OneWest Bank Group, LLC ("OneWest") removed the action to

---

[1]Apparently Plaintiff has misidentified OneWest, which in fact is OneWest Bank, F.S.B. (Def.'s Mot. at 1, Ex. 3.) OneWest, however, accepts that it is the intended defendant for purposes of its motion. (*Id.*)

federal court on July 27, 2009.[2]  Presently before the Court is OneWest's motion to dismiss or, alternatively, for summary judgment, filed July 27, 2009.

On August 26, 2009, this Court issued a Notice informing the parties that it is dispensing with oral argument with respect to OneWest's motion in accordance with Eastern District of Michigan Local Rule 7.1(e)(2).  On August 28, 2009, Plaintiff filed a late response to the motion.  OneWest did not submit a reply brief.  After receiving Plaintiff's response, this Court scheduled OneWest's motion for hearing on October 15, 2009.

## I.     Applicable Standard

OneWest moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or

---

[2]Plaintiff names OneWest and IndyMac Federal Bank, F.S.B. ("IndyMac") as defendants in his Complaint; however, IndyMac is a failed financial institution now under the control of the Federal Deposit Insurance Corporation.  (Doc. 1, Ex. 3.)  As such, Plaintiff's claims against it are subject to a mandatory administrative claims process which Plaintiff apparently has not exhausted.  (*Id.* ¶ 8; *see also* 12 U.S.C. § 1821.)

2

"a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court most recently provided, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates

3

summary judgment against a party who fails to establish the existence of an element
essential to that party's case and on which that party bears the burden of proof at trial.
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of
material fact."  *Id.* at 323, 106 S. Ct. at 2553.  Once the movant meets this burden, the
"nonmoving party must come forward with 'specific facts showing that there is a genuine
issue for trial.'"  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587,
106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine
issue, the nonmoving party must present sufficient evidence upon which a jury could
reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*,
477 U.S. at 252, 106 S. Ct. at 2512.  The court must accept as true the non-movant's
evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255,
106 S. Ct. at 2513.

## II.   Factual and Procedural Background

Plaintiff purchased the Property in late 2001.  In 2006, Plaintiff and his wife, Rose
Shammami, refinanced the loans on the property with a $945,000 loan.  The residential
mortgage Plaintiff and his wife executed in connection with this loan and the Federal
Truth-in-Lending Disclosure statement identify Mortgageit, Inc. as the lender and
Mortgage Electronic Registration Systems, Inc. ("MERS"), as the lender's nominee, as
the mortgagee.  (Compl. Ex. A; Def.'s Mot. Ex. 2.)  Plaintiff alleges that he obtained the
loan through IndyMac and that Indymac made certain misrepresentations in connection

4

with the loan.  (Compl. ¶¶ 11-16; Shammami Aff. ¶¶ 1-3.)

Effective June 18, 2009, MERS assigned its interest in the mortgage to OneWest. (Def.'s Mot. Ex. 3.)  At or about the same time, Plaintiff defaulted on the loan and OneWest initiated non-judicial foreclosure proceedings under Michigan law.  The foreclosure sale was scheduled for July 21, 2009, and OneWest published notice of the sale in the Oakland Press on June 20 and 27 and July 4 and 11, 2009.  (*Id*. Ex. 4.)  On July 7, Plaintiff initiated this action in the state court, alleging the following counts: (I) wrongful foreclosure; (II) Violation of 15 U.S.C. § 1639; (III) "Predatory Lending"; (IV) Violation of the Truth in Lending Act; and (V) Violation of Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act.

OneWest removed Plaintiff's Complaint to federal court and subsequently filed the pending motion.

## III.    Applicable Law and Analysis

### A.    Wrongful Foreclosure

In Count I of the Complaint, Plaintiff alleges that Defendants violated Michigan Compiled Laws § 600.305(a) by not serving Plaintiff with appropriate notice before instituting foreclosure proceedings.  OneWest argues that this provision– which is an amendment to Michigan's foreclosure act– is expressly limited to foreclosures in which the first notice is published after the effective date of the act (i.e. July 5, 2009), Mich. Comp. Laws § 600.3204(5), and the first notice in this case was published on June 20, 2009.  Plaintiff does not respond to OneWest's argument and, because the statute does not

5

apply in this case for the reasons argued by OneWest, the Court grants OneWest's motion to dismiss this claim.

### B.    Violation of 15 U.S.C. § 1639

In Count II of the Complaint, Plaintiff alleges that Defendants violated 15 U.S.C. § 1639(h).  This section provides:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1639(h).  OneWest argues that this claim fails against it because it was not involved in the origination of the loan and therefore could not have engaged in any decision or determination regarding Plaintiff's repayment ability.  OneWest acknowledged at the motion hearing, however, that there are circumstances where an assignee may be liable for misconduct of the originator and that resolution of its potential liability as an assignee is more appropriately resolved after discovery has been conducted.

Therefore, at this time, the Court denies OneWest's request to dismiss Count II of Plaintiff's Complaint.

**C.    Predatory Lending**

In Count III of the Complaint, Plaintiff alleges that OneWest engaged in "predatory lending" by "[taking] advantage of Plaintiffs' [sic] inferior bargaining power in order to lock Plaintiffs [sic] into severely unfavorable Notes and Mortgages" and failing to "reveal all material terms of the Notes and Mortgages as they understood them." (Compl. ¶¶ 41-42.)  As this Court previously held in another case involving Plaintiff's counsel, Michigan does not recognize a cause of action for "predatory lending."  *Saleh v. Home Loan Servs., Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug. 17, 2009); *see also Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445, 2009 WL 1803198, at *4 (E.D. Mich. June 23, 2009) (also filed by Plaintiff's counsel).  To the extent Plaintiff is alleging that OneWest engaged in lending practices in violation of TILA, that claim is alleged in Count IV.

**D.    TILA**

In Count IV of the Complaint, Plaintiff alleges that OneWest violated 15 U.S.C. § 1601 by providing him "false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property."  (Compl. ¶ 49.)  OneWest argues that Plaintiff's claim is barred by TILA's one-year statute of limitations, 15 U.S.C. § 1640(e).  In response and in the Complaint, Plaintiff indicates that he is entitled to equitable tolling.

The Sixth Circuit Court of Appeals has held that equitable tolling is applicable to TILA claims:

7

> . . . the statute of limitations for actions brought under 15
> U.S.C. § 1650(e) is subject to equitable tolling in appropriate
> circumstances, and that for application of the doctrine of
> fraudulent concealment, the limitations period runs from the
> date on which the borrower discovers or had reasonable
> opportunity to discover the fraud involving the complained of
> TILA violation.

*Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984).  Plaintiff argues in

response to OneWest's motion that he did not discover OneWest's false interest rate, fee

and monthly payment disclosures until his monthly payment obligation increased on

November 1, 2008.  In his affidavit submitted in support of his response, Plaintiff

provides: "I was completely caught off guard when my payment adjusted November 1st

2008 [sic].  I was told my fully amortized monthly payment would be $3,512.50.  In

reality, Defendant was charging me over $5,000.00 per month during this time." (Doc. 8

¶ 4.)

    At least one court within this jurisdiction and courts outside this jurisdiction have

held that "fraudulent concealment requires some act in addition to the commission of the

initial fraudulent act."  *See Sobh v. Chase Home Finance, LLC et al.*, No. 09-11986 (E.D.

Mich. July 28, 2009) (Rosen, J.) (citing *Jones v. Saxon Mortgages, Inc.*, 980 F. Supp.

842, 846 (E.D. Va. 1997); *Stroud v. Ward*, 169 Mich. App. 1, 8 (1988); *In re Community

Bank of N. Virginia*, 467 F. Supp. 2d 466, 479 (W.D. Pa. 2006)).  In the Sixth Circuit's

decision in *Jones*, however, the court did not require proof of fraudulent concealment in

addition to the fraud alleged to support the plaintiff's TILA claim to invoke equitable

tolling.  The appellate court has noted in other contexts that actions based on fraud do not

8

require further fraudulent acts to support equitable tolling where the fraud was self-concealing. *Pinney Dock and Transport Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1469 (6th Cir. 1988). As the *Jones* court reasoned: "'To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure.'" 747 F.2d at 1041 (quoting *Bailey v. Glover*, 88 U.S. 342, 349 (1874)).

Based on the allegations in the Complaint and Plaintiff's affidavit, it appears at this stage in the proceedings that equitable tolling may apply and prevent Plaintiff's TILA claim from being time-barred. For this reason, the Court denies OneWest's request to dismiss Count IV of the Complaint.

### D. Violation of Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws § 445.1651 et seq.

In the final count of his Complaint, Plaintiff alleges that OneWest violated Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act. As OneWest argues, however, the statute exempts from its coverage a "depository financial institution." Mich. Comp. Laws § 445.1675(a). Federal savings banks, such as OneWest, are included in the statute's definition of a "depository financial institution." Mich. Comp. Laws § 445.1651a(f); *see supra* at n. 1. This claim, therefore, is dismissed.

## IV. Conclusion

For the reasons set forth above, this Court concludes that OneWest has not shown

that Counts II or IV are subject to dismissal.  OneWest is entitled to dismissal with

respect to Plaintiff's remaining claims, however.

Accordingly,

**IT IS ORDERED**, that OneWest's motion to dismiss or, alternatively, for

summary judgment is **GRANTED IN PART AND DENIED IN PART** in that Counts I,

III, and V, only, are **DISMISSED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Kassem M. Dakhlallah
Timothy B. Myers, Esq.